IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRENT G. MOORE, #1466597 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv385 |
| KEVIN FITE | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Brent G. Moore, a prisoner confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Smith County Deputy Kevin Fite. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

### Plaintiff's Allegations

The original complaint was filed on July 27, 2011. The Plaintiff signed the complaint on July 22, 2011. It was postmarked July 25, 2011. It concerns an incident that occurred on July 26, 2009. The Plaintiff stated that he was walking home down Old Henderson Highway at approximately 2 a.m. Deputy Fite drove passed him, turned around and called out to him. The Plaintiff noted that the Defendant knew him because he had been previously charged with assaulting a peace officer. The Defendant asked for his driver's license and searched him. Another patrol car arrived on the scene, and the Plaintiff became scared. He was afraid that they were going to beat him, and, in fact, he was struck with a flashlight by an officer. They repeatedly struck him. His ribs were fractured and his lungs punctured. He was taken to East Texas Medical Center and remained there for a week. He argued that false charges were filed against him. He asked for compensatory and punitive damages.

1

On December 7, 2011, the Court conducted an evidentiary hearing in accordance with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985), wherein the Plaintiff's claims were considered. Counsel for the Defendant was permitted to question the Plaintiff in order to clarify the record.

The Plaintiff repeated the basic facts as presented in the original complaint. He noted that he was on parole at the time of the incident. He was subsequently returned to prison for assaulting a public servant in an unrelated incident that occurred in 2006. The Plaintiff acknowledged that he was wobbly at the time of the incident, but he denied that he had been drinking or using methamphetamine. He specified that he does not know why the police records from the incident stated that he appeared intoxicated. He reiterated that he became scarred when the other patrol car arrived. He feared that the officers were going to jump on him. He denied the claim in the records accusing him of running, although he acknowledged that he turned around. The Plaintiff stated that he was struck in the head and tackled. He passed out. When he regained consciousness, he noticed that blood was running down his face. He realized that his ribs were injured. Everything was blurry. He asked for an ambulance. One of the officers called for an ambulance. Paramedics cut off his clothes. The Plaintiff stressed that all of this was terrifying. He was taken to East Texas Medical Center and had surgery. He was kept in intensive care for two or three days. He remained in the hospital for about a week. The Plaintiff stated that he was suing Deputy Fite for subjecting him to excessive use of force. He believes that he was beaten up, in part, because of the previous assault on a deputy.

When questioned by the Defendant, the Plaintiff acknowledged that medical records specified that he admitted using crystal methamphetamine. The Plaintiff added, however, that the person who placed the entry in his record lied. The medical records revealed a history of pneumothorax (collapsed lung) and old fractures, but he did not currently have pneumothorax or any new fractures.

The Plaintiff acknowledged that he pled no contest and was found guilty of evading arrest in Smith County Cause Number 002-84047-09 on November 2, 2009. The documents submitted during the *Spears* hearing revealed that his punishment was a $500 fine and 180 days confinement in the county jail with credit for time served. The plea admonishments revealed that he pled no contest to evading arrest on July 26, 2009. The plea admonishments also specified that there would be no additional charges regarding Deputy Fite and the other officers for any potential offenses the Plaintiff committed against them on July 26, 2009. The complaint specified that the Plaintiff attempted to flea from officer Shawn Johnson while he was attempting to arrest or detain the Plaintiff.

The records also revealed that the Plaintiff pled no contest to resisting arrest in Smith County Cause Number 002-84048-09 on November 2, 2009. His punishment was a $700 fine and 180 days confinement in the county jail with credit for time served. The complaint revealed that the Plaintiff was charged with resisting arrest and by using force against Deputy Kevin Fite.

The records also included a copy of the felony conviction for assaulting a public servant regarding an incident that occurred in 2006. On October 30, 2009, the Plaintiff was sentenced to two years of imprisonment. The records revealed that a parole revocation warrant was executed on July 29, 2009. The Plaintiff agreed that the warrant was executed while he was still in the hospital.

<h2 style="text-align:center">Defendant's Motion for Summary Judgment</h2>

The Defendant filed a motion for summary judgment (docket entry # 19) prior to the *Spears* hearing on November 4, 2011. The records attached to the motion included affidavits from the Defendant and the other two officers involved in the incident, along with the records discussed during the *Spears* hearing. Stated briefly, the affidavits reviewed the facts that led to charges being filed against the Plaintiff for resisting arrest and evading arrest. The Defendant noted that the medical records revealed that the Plaintiff did not have any new fractures or soft tissue injuries. The Defendant

argued that he is entitled to summary judgment based on qualified immunity with respect to the excessive use of force and false arrest/false imprisonment charges. He also argued that the lawsuit is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The details of the Defendant's motion for summary judgment will be explored more fully in the Discussion and Analysis section of this Memorandum Opinion.

Plaintiff's Response

At the close of the *Spears* hearing, the Plaintiff was advised that his response to the motion for summary judgment was due no later than December 22, 2011. The Court also issued an order (docket entry #30) reminding the Plaintiff of the deadline. He was warned that the lawsuit may be dismissed for want of prosecution if he failed to respond to the motion for summary judgment. *See Martinez v. Johnson*, 104 F.3d 769 (5th Cir. 1997) (affirming dismissal for want of prosecution based on inmate's failure to respond to a summary judgment motion as ordered by the court). Despite being given the deadline and warning about the consequences of failing to respond, the Plaintiff did not file a response.

Discussion and Analysis

The present lawsuit should be dismissed for two reasons. First of all, it should be dismissed for want of prosecution in light of *Martinez v. Johnson*.

The lawsuit should also be dismissed pursuant to the Defendant's motion for summary judgment. A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). All reasonable inferences are drawn in favor of the non-moving party, but the non-moving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

The dispositive factor in granting the Defendant's motion for summary judgment is the Supreme Court's decision in *Heck v. Humphrey*, *supra*. The Court held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. at 486-87. The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Fifth Circuit has applied the *Heck* principle to civil rights lawsuits that included claims that the arresting officers lacked probable cause to make an arrest. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). It has also been applied to cases where a plaintiff alleged he was subjected to excessive use of force during an arrest when he was convicted of resisting arrest. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007); *Stephens v. Scott*, 244 Fed. Appx. 603, 604 (5th Cir. 2007). A judgment in the Plaintiff's favor in the present case would necessarily imply the invalidity of his convictions concerning events that occurred on July 26, 2009, thus the claims against the Defendant are barred by *Heck*. The Defendant is entitled to summary judgment.

The Court notes that the decisions by the Fifth Circuit have varied on whether cases should be dismissed with or without prejudice in light of *Heck.* The Fifth Circuit's earliest decisions held that

6

cases should be dismissed with prejudice. In *Stephenson v. Reno*, 28 F.3d 26, 28 (5th Cir. 1994), the Fifth Circuit vacated a district court's decision holding a civil rights case in abeyance and remanded the case with instructions to dismiss the lawsuit with prejudice. *See also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). In *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), the Fifth Circuit changed its approach somewhat and modified a judgment dismissing a civil rights case with prejudice to read, "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." The Fifth Circuit referred to this language as the "preferred" language. *Id.* In 2006, however, the Fifth Circuit deviated from *McElveen* in an unpublished decision and held that a case should be dismissed without prejudice. *Bonner v. Castloo*, 193 Fed. Appx. 591 (5th Cir. 2006). In 2007, the Fifth Circuit returned to the preferred language of *McElveen* in *DeLeon v. City of Corpus Christi*, 488 F.3d at 657. It is accordingly

**ORDERED** that the Defendant's motion for summary judgment (docket entry #19) is **GRANTED**. It is further

**ORDERED** that the complaint is **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and 56. It is further

**ORDERED** that the Plaintiff's claims are **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **6** day of **January, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE